Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006129
13-APR-2017
07:45 AM

NO. CAAP-13-0006129

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RAYMOND R. RIVERA, Claimant-Appellee,
v.
MAUI SODA AND ICE WORKS, LTD., Employer-Appellant,
and
ISLAND INSURANCE COMPANY, LTD.,
Insurance Carrier-Appellant

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2013-339 (M))
(7-12-00126)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

In this workers' compensation case, Employer-Appellant
Maui Soda & Ice Works, Ltd. and Insurance Carrier-Appellant
Island Insurance Company, Ltd. (collectively, **Maui Soda**) appeal
from a Decision and Order (**D&O**) filed by the Labor and Industrial
Relations Appeals Board (**LIRAB**) on November 26, 2013, in favor of
Claimant-Appellee Raymond R. Rivera (**Rivera**) dismissing Maui
Soda's appeal to the LIRAB under Hawaii Revised Statutes (**HRS**)
§ 386-87 (2015) because Maui Soda failed to properly appeal.[1]

---

[1] HRS § 386-87 provides in relevant part:

(a) A decision of the director shall be final and
conclusive between the parties, except as provided in
section 386-89, unless within twenty days after a copy
(continued...)

Maui Soda contends that the LIRAB erred by: (1) finding that no written notice of appeal was mailed to the Disability Compensation Division (**DCD**) and concluding that the "mailbox rule" was inapplicable to HRS § 386-87; (2) finding no written notice of appeal was filed with the DCD or the LIRAB within twenty days of the D&O being sent to the parties; (3) concluding that HRS § 386-87 requires that notices of appeal are not deemed filed until file stamped by the agency; (4) not construing Maui Soda's Motion for Partial Stay of Payment (**Motion for Partial Stay**), filed with the LIRAB eleven days after the D&O was issued, as a notice of appeal when it put both LIRAB and Rivera on notice of Maui Soda's intent to appeal; (5) in concluding that Maui Soda's Motion for Partial Stay would not be treated as a notice of appeal because it was filed by an employer, which deprived Maui Soda of due process and was also an abuse of the LIRAB's discretion.

For the reasons set forth below, we vacate the LIRAB's dismissal of Maui Soda's appeal and remand for further proceedings.

## I. Background

On March 15, 2013, Rivera filed a workers' compensation claim in the DCD of the Department of Labor and Industrial Relations (**DLIR**) for injuries he claims were sustained due to his employment at Maui Soda & Ice Works, Ltd. On September 16, 2013, the Director of DLIR (**Director**) issued a Decision determining that Maui Soda was required to pay specified medical care, services, and supplies for Rivera's injuries, including his right

---

[1](...continued)
has been sent to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department. In all cases of appeal filed with the department the appellate board shall be notified of the pendency thereof by the director. No compromise shall be effected in the appeal except in compliance with section 386-78.

(Emphasis added.)

knee and a subdural hematoma; temporary total disability; and temporary partial disability.

On September 18, 2013, two days after the Director's Decision was issued, Maui Soda claims to have mailed a notice of appeal to the DCD. In this regard, Maui Soda relies on the declaration of Lucia Keane (**Keane**), a Workers' Compensation Insurance Adjuster at Island Insurance Company. In her declaration, Keane attests that on September 18, 2013, she electronically prepared the notice of appeal and she then "printed two copies of the Notice of Appeal, signed one copy in black ink which became the 'original' for filing with the Director, DLIR-DCD, and left the other printed copy intended for Claimant unsigned[.]" Keane further attests that she addressed envelopes correctly bearing the addresses of DLIR-DCD and Rivera's counsel, respectively, placed the notices of appeal into their proper envelopes, and then "left them in the proper place for pick up, posting, and depositing into the U.S. Postal Service Mail by Island Insurance's mail clerks[.]" Further, Keane attests that "[l]ater that same day, on September 18, 2013, I saw that the letters had been picked up by the mail clerks, after which time I asserted no control over them[.]"

It is uncontested that Rivera's attorney, Andrew A. Cheng (**Cheng**), received the unsigned notice of appeal in the mail. Cheng submitted a declaration attesting that on September 20, 2013, he "received a letter from Island Insurance Companies titled Employer/Carrier Appeal of Decision and Order of 9/16/13 dated September 18, 2013." He further stated that "[t]he letter was not signed by the adjuster[,]" or "file-stamped."

On September 27, 2013, Maui Soda filed the Motion for Partial Stay with the LIRAB. The LIRAB then obtained the original file in the case from DCD, which did not contain a notice of appeal.

3

On October 31, 2013, the LIRAB held a hearing on Maui Soda's Motion for Partial Stay, at which time it appears that LIRAB members raised the issue that the DCD had no record of Maui Soda's notice of appeal.[2] That same day, Rivera filed a motion to dismiss the appeal.

On November 26, 2013, the LIRAB issued its D&O granting Rivera's motion to dismiss the appeal. In the D&O, the LIRAB made findings, *inter alia*, that:

> 2. On September 27, 2013, Employer's counsel filed a Motion for Partial Stay of Payments, wherein he referenced and attached the Director's September 16, 2013 decision, and stated that ". . . said Decision is contrary to the law and facts herein."
> Employer's counsel signed the Motion for Partial Stay of Payments.
> The Board finds that the foregoing language is indicative of an intent to appeal the Director's decision.
>
> . . . .
> 4. The Board received the original administrative file on October 30, 2013. Neither an original notice of appeal nor a letter from the Administrator of the DCD acknowledging an appeal was included in the file.
> 5. The Board contacted Employer's counsel, who provided an unsigned and unfiled copy of a September 18, 2013 letter from Island Insurance Company, Ltd., entitled "EMPLOYER/CARRIER APPEAL OF DECISION AND ORDER OF 9/16/13)" ("Appeal Letter").
> 6. Claimant's counsel confirmed that he only received an unsigned copy of the Appeal Letter.
> 7. According to a Declaration of Lucia Keane, on September 18, 2013, she electronically prepared a Notice of Appeal, printed two copies, signed one copy in black ink, and left another copy unsigned for Claimant's counsel. She addressed the envelopes to the DCD Honolulu Office and Mr. Cheng, placed the letters into the appropriate envelopes, and left them in the proper place for pick up, posting, and depositing into the U.S. Postal Service by the mail clerks of Island Insurance Company, Ltd.'s mail clerks [sic]. Later that day, she saw that the letters had been picked up by the mail clerks.
> Although Mr. Cheng received a copy of the Appeal Letter, thus proving that it was indeed mailed to him, Ms. Keane did not provide documentary proof or confirm that her prepared Appeal Letter to the DCD was, in fact, mailed or deposited with the U.S. Postal Service.

---

[2] It appears that, after being contacted by the LIRAB, Maui Soda provided the LIRAB with an unsigned copy of its notice of appeal. The notice is in letter format and states in relevant part: "Please accept the foregoing as Employer/Carrier's appeal of the Decision and Order issued on 9/18/13 [sic] in the above-captioned claim."

8. Based on this record, the Board finds that a Notice of Appeal was not mailed to the DCD.

9. The Board finds that no written notice of appeal was filed with either the DCD or the Board within 20 days after the decision was sent to the parties, on September 16, 2013.

10. The Board further finds that while the Motion for Partial Stay of Payments, filed by Employer's counsel, indicates Employer's intent to appeal the Director's decision within 20 days after the date the decision was sent to the parties, the Board does not construe said motion as a notice of appeal.

11. Employer argues that DCD made an error in filing. While the Board is aware of DCD errors in filing and mailing in other cases, there is no indication that such an error has been made in this case.

12. The Board finds, therefore, that Employer did not file a written Notice of Appeal from the Director's September 16, 2013 decision.

In the D&O, the LIRAB concluded that the "mailbox rule" does not apply to appeals under HRS § 386-87, and that Maui Soda had not filed a notice of appeal. The LIRAB also concluded that:

> [A]lthough the Board acknowledges that Employer's Motion for Partial Stay of Payments indicate[s] Employer's intent to appeal the Director's September 16, 2013 decision, the Board declines to accept it as such, for public policy reasons.
>
> Motions for stay are routinely filed by employers within days of an employer-initiated appeal. However, claimants rarely file any motion within days of his or her appeal. Therefore, to conclude that any motion may be construed as an appeal would give employers, but not claimants, an advantage in perfecting an appeal; the Board declines to extend such an unfair advantage to only one category of participants in an appeal.

On December 18, 2013, Maui Soda timely appealed to this court.

## II. Discussion

### A. Mailing Notice of Appeal Under HRS § 386-87

HRS § 386-87(a) provides that a decision by the Director is final "unless within twenty days after a copy has been sent to each party, either party appeals therefrom to the appellate board <u>by filing a written notice of appeal with the appellate board or the department</u>." (Emphasis added.) Maui Soda contends that, because it mailed a notice of appeal to the DCD

two (2) days after the Director's Decision in this case, it properly effected an appeal to the LIRAB. Maui Soda thus contests the LIRAB's finding that a notice of appeal was not mailed to the DCD, and also argues that LIRAB erred in concluding that the "mailbox rule"[3] does not apply to appeals under HRS § 386-87. We review the LIRAB's challenged findings of fact under the "clearly erroneous" standard, and review its conclusions of law *de novo*. Tate v. GTE Hawaiian Tel. Co., 77 Hawai'i 100, 102-03, 881 P.2d 1246, 1248-49 (1994); Capua v. Weyerhaeuser Co., 117 Hawai'i 439, 444, 184 P.3d 191, 196 (2008).

Given the record in this case, the LIRAB's finding that Maui Soda did not mail the notice of appeal to the DCD is not clearly erroneous. Keane's declaration establishes that she prepared the notice of appeal on September 18, 2013, signed one copy as the "original" to be mailed to the DCD and left one copy unsigned to be sent to Cheng, and then she placed the notices in envelopes properly addressed to the DCD and Cheng, respectively. However, Keane does not attest that the envelopes were actually deposited into the mail. Rather, she attests that after sealing the envelopes she "left them in the proper place for pick up, posting, and depositing into the U.S. Postal Service Mail by Island Insurance's mail clerks[.]" Moreover, even though Cheng received his unsigned copy, this does not conclusively establish that the envelope addressed to the DCD was deposited in the mail. Maui Soda's original notice of appeal never made its way to the DCD file in this case, and there is no other type of record suggesting that the DCD received the original notice of appeal. In short, it is simply unknown what happened to the envelope that Keane addressed to the DCD. Thus, we cannot conclude on this

---

[3] Maui Soda argues in favor of the "mailbox rule," which stands for the "principle that when a pleading or other document is filed or served by mail, filing or service is deemed to have occurred on the date of mailing." *Mailbox rule*, Black's Law Dictionary (10th ed. 2014).

record that the LIRAB clearly erred in finding that the notice of appeal was not mailed to the DCD.

Because there is no clear error in the LIRAB's finding that Maui Soda did not mail the notice of appeal to the DCD, we need not decide whether the "mailbox rule" applies to notices of appeal filed pursuant to HRS § 386-87.[4]

### B. The Issue of File-stamping

Maui Soda contends that the LIRAB erred in concluding that HRS § 386-87 requires notices of appeal to be deemed filed only after they are "file stamped" by the agency. The LIRAB, however, did not make a conclusion that a notice of appeal must be "file stamped" to be considered filed. Rather, in addressing Maui Soda's argument that the "mailbox rule" applied, the LIRAB noted that HRS § 386-87 provides that a notice of appeal be "filed."

Given the above, we do not address the issue of "file-stamping."

### C. Motion for Partial Stay

Maui Soda contends that its Motion for Partial Stay, which the LIRAB acknowledged expressed an intent to appeal from the Director's Decision and which was filed within the deadline to appeal, should have been sufficient to invoke the LIRAB's

---

[4] We note, however, that Maui Soda's reliance on <u>Si-Nor, Inc. v. Dir., Dep't of Labor and Indus. Relations</u>, 120 Hawai'i 135, 202 P.3d 596 (App. 2009) appears to be misplaced in the context of this case. <u>Si-Nor, Inc.</u> addressed whether a company timely challenged a citation issued by the Hawai'i Occupational Safety and Health Division (HIOSH) under HRS Chapter 396. There, based on administrative rules pertaining to Occupational Safety and Health, which specifically provided that an employer could contest a citation by mailing a petition to the Director postmarked within the deadline, this court held that the employer's timely mailing of a notice of contest satisfied the filing requirement for an appeal under HRS § 396-11(a). <u>Id.</u> at 145-46, 202 P.3d at 606-07 (relying on Hawaii Administrative Rules (**HAR**) §§ 12-51-15 and 12-51-19). This court, in <u>Si-Nor, Inc.</u>, did not adopt a per se "mailbox rule," but relied instead on applicable administrative rules. Here, with regard to workers' compensation claims, there are no similar administrative rules on point, as in <u>Si-Nor, Inc.</u> Rather, it appears the applicable rule simply states that a Director's decision "shall be final unless appealed pursuant to section 386-87, HRS." HAR § 12-10-73(b).

appellate jurisdiction. Maui Soda asserts there is no form prescribed for a notice of appeal to be accepted by the DCD or LIRAB.

We agree with Maui Soda that its Motion for Partial Stay should have been construed by the LIRAB to effect an appeal, especially given the LIRAB's own finding and acknowledgment that the language in the motion "indicate[s] Employer's intent to appeal the Director's September 16, 2013 decision[,]" and the motion was filed eleven days after the Director's Decision, well within the twenty day deadline. As previously noted, HRS § 386-87 provides that to appeal a decision of the Director, a party must, "<u>within twenty days</u> after a copy has been sent to each party," appeal to the LIRAB "by <u>filing a written notice of appeal with the appellate board or the department</u>." (Emphasis added.) There is no particular format required by HRS § 386-87, other than the notice of appeal be "written."

Moreover, there is no dispute that the motion met the requirements of HAR § 12-47-13 regarding the format for pleadings and other documents filed with the LIRAB. In particular, HAR § 12-47-13(c) provides in relevant part that "[t]he original of each document, including appeals . . . shall be signed and dated in black ink by each party or its authorized representative." Here, neither the LIRAB nor Rivera contends that the Motion for Partial Stay failed to meet these requirements. <u>See also</u> <u>Cole v. AOAO Alii Cove</u>, 134 Hawai'i 103, 109-11, 332 P.3d 705, 711-13 (App. 2014)(holding that a missing signature on a notice of appeal filed with the LIRAB did not preclude the appeal to LIRAB).

Importantly, as expressly recognized by the LIRAB, the Motion for Partial Stay indicates and reflects Maui Soda's intent to appeal from the Director's Decision. We conclude that this case is similar to other circumstances in which Hawai'i's appellate courts, as well as the LIRAB, have construed documents

8

sufficient to effect an appeal because they sufficiently set forth an intent to appeal.[5]  In short, "deficiencies in the form of a notice of appeal 'should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.'"[6]  Munoz v. Chandler, 98 Hawai'i 80, 90, 42 P.3d 657, 667 (App. 2002); see State v. Bohannon, 102 Hawai'i 228, 235, 74 P.3d 980, 987 (2003);  Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003); City and Cty. of Honolulu v. Midkiff, 57 Haw. 273, 275, 554 P.2d 233, 235 (1976); State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000); see also McLaren v. Paradise Inn Hawaii LLC, 132 Hawai'i 320, 328-29, 321 P.3d 671, 679-80 (2014)(construing various documents submitted to the DCD, including requests for information, as constituting an application to reopen a DCD decision under HRS § 386-89).

Therefore, given the filing of Maui Soda's Motion for Partial Stay in the LIRAB within twenty days of the Director's Decision, the LIRAB's finding that the motion indicates Maui Soda's intent to appeal from the Director's Decision, and that Rivera does not assert that he was misled, we conclude that the LIRAB erred in not construing the motion as effecting an appeal in this case.

---

[5]  Maui Soda points to other cases before the LIRAB, including a decision in Sugano v. State of Hawai'i, Case No. AB 2004-055 (2-00-41270), 2007 HI Wrk. Comp. LEXIS 77 (Sept. 4, 2007).  In Sugano, the only document filed by a workers' compensation claimant within twenty days of a Director's decision was entitled a "Decision and Order," which appeared to propose findings of fact and conclusions of law for two issues, and which stated in part "[t]his case is before the Board on appeal by [Appellant] from the [Director's decision] denying his claim for compensation."  Id. at *5.  The LIRAB determined that this document sufficiently communicated the claimant's intent to appeal and there was no evidence that the employer was prejudiced or misled.  Id. at *11.

[6]  We note that Rivera's attorney acknowledged receipt of an unsigned copy of Maui Soda's notice of appeal letter and does not dispute receipt of Maui Soda's Motion for Partial Stay.

We need not reach the remaining issues raised by Maui Soda in this appeal.

### III. Conclusion

Based on the foregoing, we vacate the "Decision And Order" entered by the Labor and Industrial Relations Appeals Board on November 26, 2013, which dismissed Maui Soda's appeal. This case is remanded for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, April 13, 2017.


On the briefs:

Kenneth T. Goya,
Steven L. Goto,
(Ayabe, Chong, Nishimoto,
Sia & Nakamura)
for Maui Soda & Ice Works, Ltd.
and Island Insurance Company, Ltd.

Andrew A. Cheng,
(Robinson Chur & Cheng)
       and
Lissa D. Shults,
for Raymond Rivera.

Presiding Judge

Associate Judge

Associate Judge